JUDGE CHIN

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |
|---|---|---|

EXPRESS FRANCHISE SERVICES, L.P.,
a Texas limited partnership

**SUMMONS IN A CIVIL ACTION**

V.

PERSONNEL EXPRESS CORPORATION,
a New York corporation

CASE NUMBER:

## '08 CIV 5391

TO: (Name and address of Defendant)

Personnel Express Corporation
317 Madison Avenue, Suite 508
New York, NY 10017

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Jeffrey A. Feinbloom
FEINBLOOM BERTISCH LLP
299 Broadway, Suite 1020
New York, NY 10007

John E. Petite
GREENSFELDER, HEMKER & GALE, P.C.
10 S. Broadway, Suite 2000
St. Louis, MO 63102

an answer to the complaint which is served on you with this summons, within _____30_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

JUN 1 3 2008

CLERK

DATE

(By) DEPUTY CLERK

**08 CIV 5391**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------  x
                                                 :
EXPRESS FRANCHISE SERVICES, L.P., a              :
Texas limited partnership,                       :
                                                 :
                    Plaintiff,                   :    Civil Action No. _____
                                                 :
        vs.                                      :
                                                 :
PERSONNEL EXPRESS CORPORATION, a                 :    **COMPLAINT AND JURY
New York corporation,                            :    DEMAND**
                                                 :
                    Defendant.                   :
                                                 :
-----------------------------------------------  x
```

COMES NOW Plaintiff Express Franchise Services, L.P. ("Plaintiff"), by its undersigned attorneys, and for its Complaint against Defendant Personnel Express Corporation ("Defendant") alleges as follows:

### Nature of Action

1.    This is an action for: (i) trademark infringement in violation of 15 U.S.C. § 1114(1); (ii) false designation of origin, infringement of trade name and common law marks, and unfair competition in violation of 15 U.S.C. § 1125(a); (iii) deceptive trade practices in violation of N. Y. Gen. Bus. Law § 349, et seq.; (iv) trademark dilution in violation of N. Y. Gen. Bus. Law § 360-l; and (v) trademark infringement and unfair competition in violation of New York common law.

1035753

## The Parties

2.      Plaintiff is a limited partnership organized and existing under the laws of the State of Texas, having its principal office and place of business located at 8516 Northwest Expressway, Oklahoma City, Oklahoma 73123.

3.      Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of New York, having its principal office and place of business located at 317 Madison Avenue, Suite 508, New York, New York 10017.

## Jurisdiction and Venue

4.      These claims arise under the Federal Trademark Act of 1946 as amended, 15 U.S.C. § 1051 et seq. (the "Lanham Act"), and the statutory and common law of the State of New York.

5.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338(a) and 1338(b).    This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

6.      This Court has personal jurisdiction over the person of Defendant, in that Defendant resides in this judicial district and has committed tortious and otherwise unlawful conduct in this judicial district.

7.      Venue is proper under 28 U.S.C. §§ 1391(b) and (c), as this action arises under the laws of the United States, and the Defendant resides within the State of New York and this judicial district, and also because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## **Allegations Common to All Counts**

8.    For approximately twenty-five (25) years, Plaintiff, as alleged in detail below, has been engaged in the business of, among other things, providing temporary and permanent employment agency services, staffing services, and personnel-related services under Plaintiff's valuable and well known EXPRESS family of marks, which include common law service marks and well as service marks registered with the United States Patent and Trademark Office ("USPTO").

9.    Plaintiff is the owner of the following service marks, each registered in International Class 35 on the Principal Register of the USPTO for a variety of personnel-related services including temporary and permanent employment services and staffing services (collectively, the "Registered EXPRESS® Marks"), copies of the registrations of which are attached hereto and incorporated herein as **Exhibits 1-11**, respectively:

| | | |
|---|---|---|
| EXPRESS HEALTH SERVICE® and Design | 1,623,976 issued November 20, 1990 | Health and medical employment agency services |
| EXPRESS® | 1,647,022 issued June 4, 1991 | Temporary help and employment agency services |
| EXPRESS® and Design | 1,700,779 issued July 14, 1992 | Permanent and temporary employment services |
| EXPRESS PERSONNEL SERVICES® and Design | 1,708,586 issued August 18, 1992 | Employment agency services |
| EXPRESS TEMPORARY SERVICE® and Design | 1,718,629 issued September 11, 1992 | Temporary help and employment agency services |
| EXPRESS STAFFING SERVICES® and Design | 1,946,030 issued January 2, 1996 | Employment staffing services |
| EXPRESS HUMAN RESOURCES® and Design | 2,124,198 issued December 23, 1997 | Employee leasing and personnel recruiting |
| EXPRESS MANAGEMENT SERVICES® and Design | 2,225,130 issued February 23, 1999 | Administrative personnel and recruitment as well as permanent and temporary employment agency services |
| EXPRESS PROFESSIONAL STAFFING® | 2,530,726 issued January 15, 2002 | Temporary and permanent employee placement services |
| EXPRESS PERSONNEL SERVICES® | 2,771,742 issued October 7, 2003 | Personnel services featuring providing temporary employment services, full-time employment service, professional |

| | | |
|---|---|---|
| | | staffing services, contract staffing services, employment search services and executive search services |
| EXPRESS PERSONNEL® | 3,264,222 issued July 17, 2007 | Personnel services, namely, providing temporary employment agency services, full-time employment agency services, professional staffing agency services, contract staffing agency services, job placement services, human resource management and consultation services, employment search and placement services, executive search and placement services, administration of business payroll for others; accounting services; tax consultation and preparation; franchising, namely, consultation and assistance in business management, organization and promotion |

10.    In addition, Plaintiff is, by virtue of a valid assignment, the owner of certain common law service marks, including EXPRESS EMPLOY, EXPRESS, and EXPRESS EMPLOYMENT, which have been used in interstate commerce in New York City, including Manhattan, for more than fifty (50) years (collectively the "Common Law EXPRESS Marks").

11.    Plaintiff is also the owner of the trade name "Express Services, Inc. (the "Express Trade Name"), which not only is inherently distinctive, but also has acquired secondary meaning as alleged herein.

12.    Plaintiff is the owner of all right, title and interest in and to the Registered EXPRESS® Marks, the Common Law EXPRESS Marks, and the Express Trade Name.

13.    By virtue of the aforementioned registrations, the Registered EXPRESS® Marks are presumptively valid.

14.    The aforementioned registrations constitute constructive notice to Defendant that Plaintiff owns the Registered EXPRESS® Marks, which specifically include the EXPRESS® and EXPRESS PERSONNEL® marks in connection with the goods and services identified therein.

15.    The Registered EXPRESS® Marks, the Common Law Express Marks, and the Express Trade Name are each inherently distinctive, and several of the Registered EXPRESS® Marks – including specifically EXPRESS PERSONNEL SERVICES® and Design, Registration No. 1,708,586, EXPRESS®, Registration No. 1,647,022 and EXPRESS® and Design, Registration No. 1,700,779 (collectively, the "Incontestable Marks") are incontestable because Plaintiff has used such Incontestable Marks continuously for five consecutive years and has complied with all statutory formalities under 15 U.S.C. § 1065, including the filing of all requisite declarations, and because there are no judicial proceedings pending concerning Plaintiff's rights in such Incontestable Marks.

16.    Moreover, Plaintiff currently operates a nationwide franchise system with nearly 600 franchisees operating under the Registered EXPRESS® Marks and/or the Common Law EXPRESS Marks.

17.    For approximately twenty-five (25) years, Plaintiff has expended, and continues to expend, a substantial amount of time, money, and effort promoting, marketing, and advertising its EXPRESS® services under and in connection with its valuable and highly recognized EXPRESS® Marks.  Specifically, during that time Plaintiff has expended, directly and through its licensed franchises, more than $170 million to promote its company and services in virtually all forms of media including, without limitation, print; television; radio; signage; trade shows; sponsored events, such as the Children's Miracle Network and various sporting activities, such as NASCAR sponsorship; and the Internet.

18.    With respect to the Internet, Express operates and has operated for approximately ten (10) years a website identified by the URL www.expresspros.com (formerly www.expresspersonnel.com) that currently receives approximately 14,500,000 "hits" per month. Although Express has an extensive portfolio of domain names that incorporate the Registered EXPRESS® Marks and Common Law EXPRESS Marks, or derivations thereof, the primary domain name used by Express is expresspros.com.

19.    Moreover, Plaintiff has consistently been recognized by the trade as one of the nation's top franchise companies and one of the largest and fastest-growing privately-held companies. For example, in October of 2002, Franchise Times ranked Plaintiff as #1 of the top 200 franchise companies, and in 2003 and prior years, Entrepreneur ranked Plaintiff as #1 in franchise companies for business services/staffing. Further, on November 27, 2000, Forbes ranked Plaintiff as #424 of the 500 top private companies for 1999 revenue, and in December of 1998, Inc. ranked Plaintiff as #9 of the 500 fastest growing private companies. Additionally, in 2007 Plaintiff was listed by Entrepreneur as one of the Top Global Franchises, one of the Fastest Growing Franchises, and one of the Top 500 franchises.

20.    Plaintiff has provided such services identified by its Registered EXPRESS® Marks, Common Law EXPRESS Marks, and Express Trade Name in substantial quantities in this judicial district and throughout the United States, as well as in several foreign countries. Plaintiff has realized more than $10 billion in gross revenues over the last twenty-five (25) years through the provision of such services.

21.    Due to the high quality of its services and its substantial advertising, promotional, and sales efforts, Plaintiff has achieved wide consumer acceptance for employment agency and other related services and the reputation of the highest quality and prestige.

22.     By virtue of Plaintiff's extensive use of the EXPRESS® Marks, the Common Law
EXPRESS Marks, and the Express Trade Name, those marks and trade name have become so
well known to the trade and purchasing public that employment agency services offered in
conjunction with those marks and name are recognized as emanating from, or being associated
with a single source and, particularly, Plaintiff.

23.     The Registered EXPRESS® Marks and the Common Law EXPRESS Marks
constitute a protectable family of "Express" marks within the personnel services industry, in that
the surname "Express" is itself distinctive as alleged herein when used in connection with the
services provided by Plaintiff.

24.     Plaintiff now owns valuable goodwill, which is symbolized by the Registered
EXPRESS® Marks, the Common Law EXPRESS Marks, and the Express Trade Name, and, as a
result, the use of those marks and trade name substantially increases the salability of the
employment agency, personnel-related, and other services promoted, offered and sold by
Plaintiff thereunder.

### Infringing Activities of Defendant

25.     Upon information and belief, Defendant provides employment-related services
under the mark "Personnel Express" (the "Infringing Mark") and the trade name "Personnel
Express Corporation, Inc." (the "Infringing Trade Name"), in New York City, New York, via its
offices located in the Borough of Manhattan.

26.     Defendant claims to have used the Infringing Mark and the Infringing Trade
Name since 1985.

27.     Among its more than 600 franchisees nationwide, Plaintiff has authorized
franchisees located in New York City, including Manhattan, and competes directly with

Defendant, providing the same employment-related services under lawful use of the Registered EXPRESS® Marks and the Common Law EXPRESS Marks.

28.    By virtue of the assignment to Plaintiff and its resulting ownership of the Common Law EXPRESS Marks, Plaintiff has priority of use vis-à-vis Defendant with respect to use of the term "Express" in connection with the promotion, marketing and sale of employment agency and personnel-related services in the geographic area in which Defendant is infringing upon Plaintiff's proprietary rights in its Registered EXPRESS® Marks, its Common Law EXPRESS Marks, and the Express Trade Name.

29.    Upon information and belief, Defendant is using, in this judicial district, the Infringing Mark and the Infringing Trade Name, and/or other marks or names confusingly similar to the Registered EXPRESS® Marks and/or the Common Law EXPRESS Marks, for personnel-related services including temporary employee placement, and has caused the Infringing Mark and Infringing Name to enter into interstate commerce and/or be used in interstate commerce.

30.    Defendant promotes and advertises its directly competing services under the Infringing Mark and Infringing Name through, among other things, telephone book and Internet listings, including at http://www.yellowpages.com, http://www.switchboard.com, and through its web site at http://www.personnelexpresscorp.com.

31.    Defendant is not licensed by Plaintiff, and has never been authorized by Plaintiff, or any authorized agent of Plaintiff, to provide, advertise, sell and/or offer for sale such Infringing Services in connection with the EXPRESS® Marks or the Infringing Marks.

32.    Defendant is infringing upon Plaintiff's proprietary rights in its Registered EXPRESS® Marks, its Common Law EXPRESS Marks, and its Express Trade Name by offering

directly competing services in connection with the term "Express" and by use of the Infringing Mark and Infringing Name.

33.    In addition to constructive notice, Defendant actually knows of the existence of the Registered EXPRESS® Marks, the Common Law EXPRESS Marks, and the Express Trade Name as a result of Plaintiff's written notice letters to Defendant  and its counsel advising Defendant, as alleged in more detail below, of Plaintiff's Registered EXPRESS® Marks, the Common Law EXPRESS Marks, and the Express Trade Name.

34.    Plaintiff sent Defendant numerous cease and desist letters, notifying Defendant that its use of the Infringing Mark and the Infringing Name infringes upon Plaintiff's proprietary rights in and to the Registered EXPRESS® Marks, the Common Law EXPRESS Marks, and the Express Trade Name, and offering Defendant the opportunity to amicably resolve this matter, but Defendant has ignored and/or rejected those attempts and continues to use the Infringing Mark and the Infringing Trade Name.

35.    It is manifest from the activities of Defendant that its continued use of the Infringing Mark and the Infringing Name, despite Plaintiff's demands that it cease and desist from such use, is made with the intent of misleading the public into believing that there is a connection between Plaintiff and its authorized franchisees, on the one hand, and Defendant, on the other, or that Plaintiff sponsors or is affiliated with the activities of Defendant. Such activities by Defendant are likely to confuse the public regarding the origin or source of the directly competing services provided by Defendant.

36.    Since Plaintiffs' most recent cease and desist letters asserting priority of use, the activities of Defendant complained of herein were and are continuing to be done willfully, with knowledge that such conduct was and is in direct contravention of Plaintiff's proprietary rights in

and to the Registered EXPRESS® Marks, its Common Law EXPRESS Marks, and its Express

Trade Name, and were and are likely to confuse, mislead and deceive purchasers and members

of the public, and will continue to be unless enjoined by this Court.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### IN VIOLATION OF LANHAM ACT § 32(1) (15 U.S.C. § 1114(1))

37.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 36

of this Complaint as though the same were fully written herein.

38.     Plaintiff's Registered EXPRESS® Marks are in full force and effect, and have

never been abandoned.

39.     The Registered EXPRESS® Marks are inherently distinctive.

40.     The Registered EXPRESS® Marks are owned by Plaintiff and are widely used by

Plaintiff and its franchisees throughout the United States, its possessions and various other

foreign countries in interstate commerce.

41.     Plaintiff intends to reserve and maintain its rights with respect to its Registered

EXPRESS® Marks and corresponding registrations, and to continue to use its Registered

EXPRESS® Marks through the provision of employment agency and other personnel-related

services in connection therewith.

42.     By virtue of the goodwill and reputation for quality associated with Plaintiff's

Registered EXPRESS® Marks and extensive sale of various services promoting, advertising and

utilizing said EXPRESS® Marks in interstate commerce, the Registered EXPRESS® Marks have

developed a secondary meaning and significance in the minds of the purchasing public. The

diverse services provided in connection therewith are immediately identified by the purchasing

public as emanating from a single source, and particularly with Plaintiff and its authorized franchisees.

43.    The unauthorized use in commerce by Defendant of the Infringing Mark and Infringing Name, which reproduce, counterfeit, copy, and/or colorably imitate the Registered EXPRESS Marks, in connection with the sale, offering for sale, distribution, advertising, promotion, and/or marketing of Defendant's competing services is likely to cause confusion and mistake in the minds of the purchasing public as to the source of the services in violation of 15 U.S.C. § 1114(1).

44.    The activities of Defendant complained of herein constitute willful and intentional infringement of Plaintiff's Registered EXPRESS® Marks in total disregard of Plaintiff's proprietary rights, and have continued in spite of Defendant's knowledge that the use of the Infringing Mark and the Infringing Name, or any mark or trade name that is confusingly similar to any of the Registered EXPRESS® Marks, or any reproduction, counterfeit, copy or colorable imitation thereof, was and is in direct contravention of Plaintiff's rights.

45.    Defendant's unauthorized use of the Infringing Mark and Infringing Name is greatly and irreparably damaging to Plaintiff in the form of: (i) loss of income; (ii) lessening and dilution of the Registered EXPRESS® Marks; (iii) interference with Plaintiff's ability to exploit their respective rights; (iv) confusion in the marketplace as to the duly authorized source of the services provided in conjunction with the EXPRESS® Marks; and (v) impairment of the goodwill Plaintiff has in its EXPRESS® Marks, and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in the EXPRESS® Marks and to the respective businesses, reputations and goodwill of Plaintiff.

46.    Plaintiff has no adequate remedy at law.

47.    The full extent and exact amount of Plaintiff's damages are not yet determined.

## COUNT II

### (VIOLATION OF LANHAM ACT § 43(a), 15 U.S.C. § 1125(a))

48.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 47 of this Complaint as though the same were alleged fully herein.

49.    Plaintiff's Registered EXPRESS® Marks, Common Law EXPRESS Marks, and Express Trade Name are each inherently distinctive, have been used throughout the United States and are well known to the trade and members of the purchasing public.

50.    In addition, Plaintiff's Registered EXPRESS® Marks, Common Law EXPRESS Marks, and Express Trade Name have acquired distinctiveness by virtue of Plaintiffs' extensive promotional and marketing efforts, such that the public associates and identifies the Registered EXPRESS® Marks, Common Law EXPRESS Marks, and Express Trade Name with the services provided by Plaintiff and its authorized franchisees and views services provided thereunder as emanating from a single source.

51.    Defendant's conduct in using the Infringing Mark and the Infringing Name Services in connection with the sale, offering for sale, distribution, advertising, promotion, and/or marketing of services that directly compete with those offered by Plaintiffs under EXPRESS® Marks, Common Law EXPRESS Marks, and Express Trade Name, constitutes false designation of origin or sponsorship of those directly competing Services and tends falsely to represent that those directly competing services originate from Plaintiff or that they or have been sponsored, approved, or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff or its authorized franchisees, all in violation of 15 U.S.C. § 1125(a).

52.     Defendant's use of the Infringing Mark and Infringing Name is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiff, in violation of 15 U.S.C. § 1125(a).

53.     On information and belief, Defendant's actions in continuing to use the Infringing Mark and Infringing Name over Plaintiff's most recent objections were done willfully with full knowledge of the falsity of such designations of origin and such descriptions or representations, and with express intent to cause confusion and mistake, and to mislead and deceive the purchasing public.

54.     Defendant's unlawful acts constitute commercial use in interstate commerce.

55.     Defendant's unauthorized use of the Infringing Marks is greatly and irreparably damaging to Plaintiff, and likely to be damaging to Plaintiff, in the form of: (i) loss of income; (ii) lessening and dilution of the Registered EXPRESS® Marks; (iii) interference with Plaintiff's ability to exploit its rights; (iv) confusion in the marketplace as to the duly authorized source of the services provided in conjunction with the Registered EXPRESS® Marks, Common Law EXPRESS Marks, and Express Trade Name; and (v) impairment of the goodwill Plaintiff has in its Registered EXPRESS® Marks, Common Law EXPRESS Marks, and Express Trade Name.

56.     If not enjoined, unauthorized use is likely to and will continue to cause irreparable damage to the rights of Plaintiff in the Registered EXPRESS® Marks Common Law EXPRESS Marks, and Express Trade Name and to the respective businesses, reputations and goodwill of Plaintiff.

57.     Plaintiff has no adequate remedy at law.

58.     The full extent and exact amount of Plaintiff's damages are not yet determined.

## COUNT III

### UNFAIR OR DECEPTIVE TRADE PRACTICES
### IN VIOLATION OF THE NEW YORK CONSUMER PROTECTION ACT (the "Act")
### (N.Y. Gen. Bus. Law § 349, et seq.)

59.     Plaintiffs repeat and reallege and incorporate by reference paragraphs 1 through 58 of this Complaint as though the same were fully written herein.

60.     At all material times, Plaintiff and Defendant each were and are engaged in trade or commerce within the meaning of the Act.

61.     Defendant's unauthorized use of the EXPRESS® Marks, as alleged herein, is likely to cause confusion and mistake in the minds of the purchasing public as to the source of the services provided by Defendant.

62.     Defendant has assumed a name for its corporation that is so similar to Plaintiff's Express Trade Name, Registered EXPRESS® Marks, and Common Law EXPRESS Marks, that it is likely to materially mislead reasonable consumers to mistakenly identify Defendant's employment services as associated with or sponsored by Plaintiff.

63.     Defendant's actions described herein constitute an unfair method of competition and/or an unfair or deceptive act or practice in the conduct of trade or commerce, all in violation of the Act.

64.     Defendant's unlawful acts, although affecting interstate commerce, have originated or taken place predominantly or substantially in the State of New York.

65.     Defendant's violations of the Act were and are knowing and/or willful, and were and are unethical, unscrupulous or oppressive.

66.     Such conduct entitles Plaintiff to all of the relief that may be granted pursuant to the Act including inter alia, injunctive relief, treble damages and an award of attorneys' fees.

67.    Such conduct on the part of Defendant has caused and will continue to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

### COUNT IV

### TRADEMARK DILUTION IN VIOLATION
### OF NEW YORK LAW (N.Y. Gen. Bus. Law §360-l)

68.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 67 of this Complaint as though the same were fully written herein.

69.    Plaintiff's Registered EXPRESS® Marks are valid and distinctive, either inherently or by virtue of acquiring distinctiveness through Plaintiff's extensive promotion and advertising thereof.

70.    Defendant's unauthorized use of the EXPRESS® Marks detracts from and appropriates the goodwill and reputation that Plaintiff has built up in Plaintiff's EXPRESS® Marks.

71.    Defendant's unauthorized use of the EXPRESS® Marks, as alleged herein, is likely to cause confusion and mistake in the minds of the purchasing public as to the source of the services.

72.    Defendant has assumed a name for its corporation that is so similar to Plaintiff's registered EXPRESS® Marks that it is likely to be mistaken by persons of average intelligence, to cause confusion among consumers, and to cause consumers to mistakenly identify Defendant's employment services as associated with or sponsored by Plaintiff all in violation of N.Y. Gen. Bus. Law §360-l.

73.    Defendant's actions described herein have caused a likelihood of dilution of the distinctive quality of the Registered EXPRESS® Marks, the Common Law EXPRESS Marks and the Express Trade Name, and a likelihood of injury to Plaintiff's business reputation, in violation

of N.Y. Gen. Bus. Law §360-l, raising the possibility that such marks and trade name will lose the ability to serve as a unique identifier of Plaintiff's services.

## COUNT V

### TRADEMARK AND TRADE NAME INFRINGEMENT AND UNFAIR COMPETITION IN VIOLATION OF NEW YORK COMMON LAW

74.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 69 of this Complaint as though the same were fully written herein.

75.    Plaintiff is the owner of all right, title and interest, including all common law rights, in and to the Registered EXPRESS® Marks, Common Law Express Marks and Express Trade Name by virtue of Plaintiff's extensive advertising, promotion and sale of employment agency and other employment-related services thereunder as alleged herein.

76.    The directly competing services provided by Defendant are provided, advertised, sold or offered for sale in conjunction with matter constituting a replica and/or imitation of Plaintiff's Registered EXPRESS® Marks, Common Law Express Marks and Express Trade Name.

77.    Plaintiff and Defendant are each engaged in trade and commerce in the State of New York.

78.    Defendant's unlawful acts, although affecting interstate commerce, have originated or taken place substantially in the State of New York.

79.    The provision and/or sale by Defendant of the Infringing Services under the Infringing Marks illegally reproduces, counterfeits, copies, and colorably imitates Plaintiff's Registered EXPRESS® Marks, Common Law Express Marks and Express Trade Name, and constitutes unfair competition, and is likely to cause confusion and mistake in the minds of the

trade and purchasing public as to the source of the services and to cause purchasers to believe the directly competing services offered and provided by Defendant are authentic services of Plaintiff when, in fact, they are not.

80.    By such actions in infringing the Registered EXPRESS® Marks, Common Law Express Marks and Express Trade Name, Defendant is misappropriating and improperly trading upon the enviable reputation and goodwill of Plaintiff and is impairing the distinctiveness of Plaintiff's valuable rights in and to the Registered EXPRESS® Marks, Common Law Express Marks and Express Trade Name.

81.    Defendant's actions are intended to and do pass off Defendant's services as those of Plaintiff.

82.    As set forth above, the activities of Defendant complained of herein constitute willful and intentional acts of service mark and trade name infringement, passing off, misappropriation and unfair competition under New York law.

83.    Defendant's actions in continuing to use the Infringing Mark and Infringing Name after being informed of Plaintiff's superior rights were gross, wanton, willful, reckless and/or morally culpable.

84.    Defendant's unauthorized use of the Infringing Mark and Infringing Name is greatly and irreparably damaging to Plaintiff in the form of: (i) loss of income; (ii) lessening and dilution of the Registered EXPRESS® Marks; (iii) interference with Plaintiff's ability to exploit their respective rights; (iv) confusion in the marketplace as to the duly authorized source of the services provided in conjunction with the Registered EXPRESS® Marks, Common Law Express Marks and Express Trade Name; and (v) impairment of the goodwill Plaintiff has in its Registered EXPRESS® Marks, Common Law Express Marks and Express Trade Name.    If not

enjoined, Defendant will continue to cause irreparable damage to the rights of Plaintiff and to the

respective businesses, reputations and goodwill of Plaintiff.

85.    Plaintiff has no adequate remedy at law.

86.    The full extent and exact amount of Plaintiff's damages are not yet determined.

## JURY DEMAND

87.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully

demands a trial by jury on all counts so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for, in addition to such other and further relief as the

Court deems proper, judgment as follows:

1.    Defendant, its agents, servants, employees, attorneys, representatives, successors

and assigns and all persons, firms or corporations in active concert or participation with

Defendant, or any of them, shall be permanently enjoined and restrained from:

(a)    using the Infringing Mark or Infringing Name in connection with
the sale, offering for sale, distribution, advertising, promotion,
and/or marketing of temporary or permanent employment agency
or personnel services or personnel-related services, including use
or display of the Infringing Mark or Infringing Name on any
website owned in whole or in part by Defendant, or for which
Defendant is the registrant, except as required below in Paragraph
2(b);

(b)    using any mark or trade name composed of or containing the word
"Express," including, but not limited to spelling variants of "Express",

whether standing alone or in combination with other terms, phrases or designs (an "Express-formative Mark") in connection with the sale, offering for sale, distribution, advertising, promotion, and/or marketing of temporary or permanent employment agency or personnel services or personnel-related services, including use or display of any Express-Formative Mark on any website owned in whole or in part by Defendant, or for which Defendant is the registrant, except as required below in Paragraph 2(b);

2.    Defendant, its agents, servants, employees, attorneys, representatives, successors and assigns and all persons, firms or corporations in active concert or participation with Defendant, or any of them, shall be compelled and required to:

(a)    destroy or otherwise dispose of, no later than thirty (30) days from the date of judgment, all business cards, letterheads, business forms, brochures, pamphlets, stationery, invoices, advertising, displays, signage, prints, or other promotional, advertising or marketing materials bearing the Infringing Mark or Infringing Name or any Express-Formative Mark;

(b)    prominently post or display for a period of ninety (90) days on its web site(s), and prepare and send via U.S. mail to each of its active clients and each past client for whom it has rendered services within the past two (2) years, a notice indicating that Defendant is not affiliated with or sponsored by Plaintiff, and that Plaintiff and its authorized franchisees, and not Defendant, have the exclusive right to the use of the Registered EXPRESS® Marks, the Common Law EXPRESS Marks, and the Express

19

Trade Name, and that Defendant will no longer be using or in the future be using the Infringing Mark and the Infringing Name, any Express-Formative Mark, or any mark or name confusingly similar to the Registered EXPRESS® Marks, the Common Law EXPRESS Marks, or the Express Trade Name;

(c)     no later than thirty (30) days from the date of judgment, cancel, withdraw, delete or amend any trade name, fictitious name registration or application, state or federal trademark registration or application, and/or any incorporation papers including the term "Express" so as to exclude, delete or cancel the term "Express" therefrom;

(d)     upon expiration of the ninety (90) day period for posting notice on its website as required above, delete immediately from its web site(s) any and every use of the term "Express" as a source signifier, mark or trade name, including without limitation the Infringing Mark and Infringing Name; and

(e)     file a compliance report in writing under oath with the Court and Plaintiff's counsel setting forth in detail the precise manner and form in which Defendant has complied with the terms of any order of injunction entered herein, within forty-five (45) days of the entry of such order;

3.     Defendant shall provide an accounting of Defendant's profits resulting from Defendant's unlawful activities, and pay to Plaintiffs either such profits or such greater sum should the Court find that such profits are inadequate according to the circumstances of this case;

4.    Defendants shall pay Plaintiff's actual damages to be determined at trial, trebled as appropriate, together with pre-judgment interest and costs;

5.    Defendants shall pay Plaintiff's costs incurred in this action and reasonable attorneys' fees in this exceptional case pursuant to 15 U.S.C. § 1117 and New York law;

6.    Defendants shall pay to Plaintiff punitive damages under Count V in an amount sufficient to deter Defendant and others like it from engaging in such conduct in the future.

Dated: June _12th_, 2008                              Respectfully submitted,

**FEINBLOOM BERTISCH LLP**

Jeffrey A. Feinbloom [JF-0188]
299 Broadway, Suite 1020
New York, NY 10007

E-mail: jeffrey@fbllp.com
Telephone: (212) 279-5299
Facsimile: (212) 643-8182

*And*

**GREENSFELDER, HEMKER & GALE, P.C.**

John E. Petite [*pro hac vice* application]
10 S. Broadway, Suite 2000
St. Louis, MO 63102

E-mail: jep@greensfelder.com
Telephone: (314) 241-9090
Facsimile: (314) 241-1285

***Attorneys for Plaintiff Express Franchise Services, L.P.***

By: _____ Jeffrey A. Feinbloom

1035753                                21